IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

2005 SEP -6 AM 8: 10

DANIEL M. LAVILLE, CLERK
BANKRUPTCY COURT
WEST. DIST. OF MICH.

In Re:   **Tricia J. Worth**                    Case No.   **05-09190-JDG**
                                                CHAPTER 7

Debtors(s)

## REAFFIRMATION AGREEMENT

This agreement is made July 21, 2005 between Tricia J. Worth ("Debtor") and Deere & Company ("Creditor"), P.O. Box 6600, Johnston, Iowa 50131-6600.

1. On or about August 01, 2003, Creditor and Debtor(s) entered into a Loan Contract (the "Contract") Account Number: XXXXXXXXX83AA, copy attached.

2. Pursuant to the terms of the Contract, Creditor financed the sale and Debtor(s) purchased:

JD 4300 CUTT S/N H232529

3. The Contract called for 60 monthly payments in the amount of $214.96 each. If the Contract is a Variable Rate Contract, final payment may fluctuate.

4. On or about July 01, 2005, Debtor(s) filed a petition for relief in the above referenced case under Chapter 7 of the United States Bankruptcy Code.

5. As of the date of filing the petition herein, the remaining amount due to Creditor under the Contract was $6,880.15. Any revisions to the original Contract are listed on ADDENDUM A.

6. Debtor(s) and Creditor hereby agree the Debtor(s) will satisfy his remaining obligations in accordance with terms of the Contract or attached ADDENDUM B.

7. UNLESS PROVIDED FOR IN THE CONTRACT, THE DEBTOR AGREES TO MAINTAIN PHYSICAL DAMAGE INSURANCE ON THE COLLATERAL AND AGREES TO PROVIDE PROOF OF SUCH INSURANCE WITH THIS AGREEMENT.



**8. THIS AGREEMENT IS NOT REQUIRED UNDER THE BANKRUPTCY CODE, UNDER NONBANKRUPTCY LAW OR UNDER ANY OTHER AGREEMENT WHICH IS NOT IN ACCORDANCE WITH THE PROVISIONS OF 11 U.S.C. 524 (c)(2)(B). THIS AGREEMENT MAY BE RESCINDED AT ANY TIME PRIOR TO DISCHARGE OR WITHIN 60 DAYS AFTER SUCH AGREEMENT IS FILED WITH THE COURT, WHICHEVER OCCURS LATER, BY GIVING NOTICE OF RESCISSION TO THE AFOREMENTIONED SECURED CREDITOR.**

DEERE & COMPANY

_____  BY: __8|15|05 Sherry Bennett__
Tricia J. Wirth, Debtor          Sherry Bennett
                                 Bankruptcy & Repo Admin.
                                 PO Box 6600
                                 Johnston, Iowa 50131-6600
                                 (515)267-3936

### AFFIDAVIT

STATE OF MICHIGAN
                        :SS
COUNTY OF ---------

I, David L. Poindexter, Attorney for the Debtor(s) do hereby declare or affirm that I represented the Debtor(s) during the course of negotiating the hereinabove reaffirmation agreement and that such agreement:

1. Represents a fully informed and voluntary agreement by the Debtor(s), and
2. Does not impose any undue hardship on the Debtor(s) or any dependent of the Debtor(s).
3. The Debtor has been fully advised of the legal effect and consequences of an agreement of the kind specified in Subsection 524(c) and any default under such agreement.

_____
David L. Poindexter, Attorney for Debtor(s)

Attorney Identification Number: _P 3/573_

Sworn and subscribed to before me this
__15__ day of __August__, 2005.

_____ Commission expires 5/25/08
Notary Public, State of _Michigan_

ORIGINAL



# JOHN DEERE CREDIT

**FIXED RATE CONTRACT**
AG/L&GC Business or Commercial Use
RTN3015 (03-07)

## LOAN CONTRACT — SECURITY AGREEMENT

Date Contract Printed: 7/29/2003    Contract No: ~~~~~~~~~

03-AA

**SELLER'S NAME AND ADDRESS**

VOELKER IMPLEMENT SALES, INC
18880 NORTHLAND DRIVE
BIG RAPIDS, MI 49307

DEALER NUMBER: 03-1079
PHONE NUMBER: 231-796-6302
DATE ACCEPTED BY DEERE & COMPANY (For Official Use Only)

**PHYSICAL DAMAGE INSURANCE REQUIRED:** (See Provisions Below)

The insurance provided does not include liability insurance coverage for bodily injury or property damage caused to others. If I want liability insurance coverage, I must get that from an agent of my choice.

| INSURANCE DISCLOSURES: I know I may obtain Physical Damage Insurance from anyone I want that is acceptable to you. If I get this insurance through you, I will pay the premium shown at right. No insurance will be provided unless I sign at the right and the premium is shown. | NO. Pymts. | TOTAL PREMIUM | I want Physical Damage Insurance (Sign in this box) X |
|---|---|---|---|

**BORROWER'S NAME AND ADDRESS**

TRICIA J. WIRTH
23687 165TH AVE.
HERSEY, MI 49639

| BORROWER'S SOC. SEC. NUMBER | BORROWER'S PHONE NO. | TYPE OF BUSINESS | |
|---|---|---|---|
| ~~~~~~~~~ | 231-832-1784 | Individual | |

| BORROWER RESIDES IN (County / State) | BORROWER AGREES TO KEEP GOODS IN (County, State) | NAME AND TITLE OF SIGNING OFFICER (If Corporation or Limited Liability Company) |
|---|---|---|
| MECOSTA, MI | MECOSTA, MI | |

I hereby apply to Deere & Company (the "Lender") for a loan of the Amount Financed shown below, and on the following terms and conditions. The amount of the UNPAID BALANCE shown below on Line 3 is to be used to finance the BALANCE DUE on the PURCHASE ORDER executed in connection with the purchase from the Seller of the Equipment described below (the "Goods"). I have examined and received the Goods. You can inspect the Goods at any reasonable time. I represent that any trade-in property, is free and clear of all security agreements, liens and encumbrances and acknowledge that this loan is not contingent on further financing.

**PARTIES:** In this agreement, the words "I", "me", and "my" mean the persons, whether one or more, who sign it as "Borrower(s)" (who is also known as "Debtor(s)"). Except as contained in the Notice to Borrower(s) paragraph, the words "you" or "your" refer to the "Lender" or to anyone the Lender assigns this agreement.

**PROMISSORY NOTE:** If this Loan Contract is accepted by Lender, I promise to pay to Lender or its order the TOTAL as in line 8 below, in MONTHLY INSTALLMENTS and/or INSTALLMENTS OTHER THAN MONTHLY as shown below. If more than one person signs this agreement as "Borrower" we will be jointly and severally liable for all amounts due under this agreement. I represent that the Goods are being purchased for a business, commercial or agricultural purpose.

**EQUIPMENT PURCHASED**

| QTY. | NEW/USED | MFR. | MODEL | GOODS (Equipment) | PRODUCT ID NO. | AMOUNT |
|---|---|---|---|---|---|---|
| 1 | Used | JD | 4300 | TRACTOR AND LOADER | LV4300H232529 | $15,500.00 |

**TRADE-IN and CASH DOWN PAYMENT**

| QTY. | MFR. | MODEL | DESCRIPTION OF TRADE-IN (From Purchase Order) | PRODUCT ID NO. | AMOUNT |
|---|---|---|---|---|---|
| | | | Allowance: $0.00  Payoff Amount: $0.00<br>Lien Holder: | Payoff Account:<br>Phone Number:<br>Seller to make Payoff: No | $0.00 |
| | | | | TOTAL TRADE-IN: | $0.00 |
| | | | | CASH DOWN PAYMENT: | $5,000.00 |
| | | | | TOTAL TRADE-IN PLUS CASH DOWN: | $5,000.00 |

Rec'd Through U.S. Mail
AUG 08 2003
JOHN DEERE ~~~~~

☒ Original Copy (JDC)   ☐ Dealer Copy   ☐ Customer Copy

RTN3015  7/29/2003    Document Number: 60594863    Equipment Type: B    ~~~~~~~    Customer Initials    PAGE 1 OF 4

## SWORN STATEMENT AS TO BUSINESS PURPOSE

| CONTRACT DATE | CUSTOMER'S NAME | TYPE OF BUSINESS (i.e. contracting, logging, earthmoving, farming, etc.) |
|---|---|---|
| 7-29-03 | TRICIA J. WIRTH | FARMING |

The undersigned individual, being first duly sworn, hereby affirms and represents to DEERE & COMPANY that the goods listed on the attached loan contract, date shown above, will be used by the undersigned in his or her business, as described above, and that the loan represented by such loan contract is to be used to finance the purchase of the goods.

Customer's Signature: _Tricia J Wirth_

Sworn to and subscribed to before me this _____ day of _____ 20____

Notary's Signature: _Mary Ann Davison_

MARY ANN DAVISON
Notary Public, Mecosta County, MI
My Commission Expires Feb 2, 2004

DCCF3011 Printed in U.S.A. (01-01)                                                                                   AG/L&GC

JOHN DEERE CREDIT JSN

CONTRACT INSTALLMENTS ~~July 29, 2003~~ August 1

| DATE FINANCE CHARGE BEGINS: | | |
|---|---|---|
| Unless otherwise provided below payments are due each successive month on the same day of the month as the first payment | | |
| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | FIRST PAYMENT DUE DATE |
| 60 | $214.96 | September ~~2~~ 10, 2003 Monthly Thereafter |

**SECURITY AGREEMENT:** To secure the obligation evidenced by this contract and any other obligation that I may owe to Lender or to Lender's affiliates, I grant Lender a Security Interest in the Goods described above and all parts and accessories now or hereafter incorporated in or on such Goods by way of addition, accession or replacement. I also grant you a Security Interest in all proceeds, including insurance proceeds and refund of insurance premiums financed hereunder. I agree that all security granted on any other Contract between myself and Lender or any of Lender's affiliates shall also secure the obligations described in this Contract.

**PREPAYMENT REFUND:** I may prepay the full outstanding balance due under this agreement at any time before my payments are due and will get a refund of any unearned finance charge.

**ADDITIONAL CONTRACT INFORMATION:** See all of the pages of this agreement for additional information regarding non-payment, default, the right to demand immediate payment, and prepayment refunds.

**LATE CHARGES:** In addition to promising to pay the installments set forth above, I promise to pay past due interest accrued from maturity of each installment in default more than 10 days at 20% per annum.

The amounts shown below as Finance Charge, Total of Payments and Total Sale Price are estimates based upon the assumption that payments will be made on the scheduled payment due date according to the installment schedule. The actual Finance Charge, Total of Payments, and Total Sale Price may vary depending upon the early or late payment of scheduled installments.

**ITEMIZATION OF AMOUNT FINANCED**

| SALES TAX (Paid to Govt. Agencies) | | $0.00 |
|---|---|---|
| CASH PRICE (Including Tax) | 1 | $15,500.00 |
| TOTAL DOWN PAYMENT (Sum of Trade-In & Cash Down Payment) | 2 | $5,000.00 |
| UNPAID BALANCE OF CASH PRICE (The amount credited to my account with you). | 3 | $10,500.00 |
| ORIGINATION CHARGE | 4A | $100.00 |
| OFFICIAL FEES (Paid to Public Officials) | 4B | $20.00 |
| INSURANCE (Physical Damage Paid to Insurance Companies). | 5 | $0.00 |
| AMOUNT FINANCED (Lines 3, 4A, 4B & 5). | 6 | $10,620.00 |
| FINANCE CHARGE (Based on line 6) | 7 | $2,277.60 |
| TOTAL OF PAYMENTS (Lines 6 & 7) | 8 | $12,897.60 |
| ANNUAL PERCENTAGE RATE | | 7.90% |
| TOTAL SALE PRICE (Lines 1, 4A, 4B, 5 & 7). | | $17,897.60 |

**STATE LAW APPLYING:** The construction and validity of this Agreement shall be controlled by the law of Iowa, where this agreement is accepted and entered into, and the validity of the security interest shall be controlled by the law of the state where the Goods are to be kept and used. I acknowledge that any Iowa state law compulsory mediation requirements will apply to this agreement or the Goods financed thereunder only if I am a resident of the State of Iowa.

**PREPAYMENT REFUNDS:** Any refund of unearned finance charges (as described above) will be figured by the actuarial method (a common formula for figuring refunds on the early payment of installment contracts). If I make payments earlier or later than the scheduled payment due date, the actual finance charge earned will be different than shown above.

**NSF FEES:** If payment is made by a check which is dishonored, I agree to pay you a fee of $20.

**APPLICATION OF PAYMENTS AND PROCEEDS:** Any money that you get from me as well as any insurance proceeds, proceeds from the disposition of the Goods following repossession and returned insurance premiums may be applied, at your choice to what I owe under this Agreement or to any other debt I owe you, or any of your affiliates, in spite of any instructions I may send you. Also, they may be applied to finance charges before the unpaid balance of the amount Financed and to late charges, charges for dishonored checks and past due interest before installments. If any proceeds from the sale of the Goods or insurance are applied to the debt, I remain liable to make each periodic payment described in this contract until it is paid in full. You can accept payments marked "paid in full" or with any other restrictive endorsements, without losing any of your rights under this Agreement. I agree that if my last payment under this Agreement exceeds the amount required to be paid by $25.00 or less, you may retain that surplus amount.

**DEFAULT:** This contract shall be in default if: (a) I fail to pay any installment when due, (b) I attempt to sell or encumber any interest in the Goods, (c) I institute or have instituted against me proceedings under any bankruptcy or insolvency law, (d) I make an assignment for the benefit of creditors, (e) I fail to pay any taxes levied on the Goods, (f) any attachment, execution, writ or other process is levied against any of my property, (g) I fail at any time to keep the Goods properly insured as described below, (h) I remove the Goods, without prior written notice to Lender, from the location in which I have agreed to keep them, (i) I fail to maintain the Goods in good condition and repair or permit its value to be impaired, (j) I permit the Goods to be used in violation of any law, regulation or policy of insurance, (k) any representation, warranty or statement is made to Lender in connection with this agreement which is false in any material respect when made, (l) any legal entity such as a partnership, limited liability company or corporation that has agreed to pay this agreement ceases to do business, dissolves, liquidates its assets or terminates or fails to maintain its corporate existence, (m) if I die or become incompetent, or (n) for any reason Lender deems the debt or security unsafe. In any such event Lender may take possession of any Goods in which Lender has a Security Interest and exercise any other remedies provided by law, and may immediately and without notice declare the entire balance of this contract due and payable. In addition, to the extent permitted by law, Lender may collect all reasonable expenses, including attorneys' fees, bankruptcy fees and costs and collection and repossession fees incurred in realizing on the Security Interest granted hereunder, or otherwise enforcing the terms of this contract.

If you take possession of the Goods after I default, it shall be commercially reasonable for Lender to sell the Goods at a public or private sale: (i) at wholesale to a dealer in used goods of like kind; (ii) at retail to a purchaser directly or through a dealer in such used goods; or (iii) to any John Deere dealer or comparable dealer or equipment through any on-line or in-person auction or other sale, such action shall constitute a commercially reasonable sale. I acknowledge that you may, instead of selling the security, lease or rent the security and such action shall be commercially reasonable so long as you apply the proceeds of such lease or rental to the indebtedness either as such payments are received, or based upon a present value of the scheduled lease or rental payments. The enumeration of the methods described in this paragraph are without limitation to the Lender's right to dispose of the Goods by any other manner or method, whether by sale, lease, or otherwise, in a commercially reasonable fashion. A ten day notice of sale mailed to me at my address as shown on your records shall be considered reasonable notice, unless otherwise specified by law.

Rec'd Through U.S. Mail
AUG 08 2003
JOHN DEERE

RTN3015  7/29/2003    Document Number: 60594863    Equipment Type: B    Customer Initials    PAGE 2 OF 4

**RISK OF LOSS AND OTHER AGREEMENTS:** The Goods are held by me at my risk and expense with no abatement in my obligation on account of loss or damage. I will settle all claims of any kind against SELLER directly with SELLER and I will not use any such claim as a defense, setoff or counterclaim against any effort by Lender to enforce this contract. Waiver or condonation of any breach or default shall not constitute a waiver of any other or subsequent breach or default. You will not lose any rights you have if you accept late or partial payments or delay enforcing your rights under this Agreement. I agree that a financing statement which describes either the security contained in this Contract or a financing statement which references all equipment currently or in the future financed by Lender or its assigns, may be filed in the appropriate governmental office. I agree that I will notify you whenever I change my state of location, as such term is used in Section 9-307 of the Uniform Commercial Code. **FAX AND ELECTRONIC SIGNATURE:** Each person who signs this contract agrees that any carbon signature, facsimile signature or electronic signature shall constitute an original signature within the meaning of applicable law, for all purposes. Any provision hereof prohibited by law shall be ineffective and deemed deleted to the extent of such prohibition and shall not invalidate any other provision hereof. Lender may correct patent or clerical errors in this contract, or in any purchase orders or financing statements executed in connection herewith. **CONSENT TO RECORD CALLS:** I consent and agree that my telephone conversations with you may be monitored and recorded to further improve your customer service.

**PHYSICAL DAMAGE INSURANCE PROVISIONS:** I agree that (except to the extent this contract is for service work) I will at all times keep the Goods insured against all risks of loss, damage or destruction for their full insurable value, with Lender listed as loss payee. I may choose the person through whom I obtain the insurance, but the insurance must be acceptable to Lender. Such insurance will provide that it may not be cancelled by me without Lender's consent and may not be cancelled by the insurer without at least 10 days written notice to Lender. I agree to provide Lender with evidence of the paid-up insurance policy that I have on the Goods within 15 days of the date of this contract and at least 30 days before the renewal date. It is understood that if I fail to deliver to Lender satisfactory evidence of paid-up insurance, Lender may, but shall not be obligated to, purchase such insurance. I agree to pay the cost thereof either at such time or times as Lender demands, together with interest thereon at the Annual Percentage Rate until paid, or to have such cost added as increases in the amounts of the installments at the sole discretion of Lender. If I provide evidence of paid-up insurance after these time periods, I agree to reimburse Lender for the cost of any insurance Lender purchased until the date such evidence is provided by me. In addition, if permitted by law, I agree to pay a reasonable administrative fee to Lender for obtaining and cancelling such insurance.

Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the costs of that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.

I understand that I may meet this insurance requirement by having you purchase such insurance. Inclusion of an amount for Physical Damage Insurance in Insurance Disclosures box on the front of this contract will be my election to do this, but such insurance will only be purchased if Deere & Company accepts assignment of this agreement. Such insurance will cover the fair market value of the Goods at the time of loss and will remain in effect until the insurance policy expires, or your Security Interest in the Goods terminates, or I default under this contract and you cancel the insurance, or any of the Goods are repossessed, or the Retail Installment Sales Floater Policy under which you purchased the insurance is terminated.

If I default under this contract, I give you permission to cancel any insurance on the Goods and, if allowed by law, to apply any premium refunds to my debt to you with any excess returned to me.

Any proceeds payable to me from insurance by reason of loss, damage or destruction of the Goods may be applied to my outstanding debt to you or to replacement of the Goods, at your sole discretion.

I understand and agree that you may consider my debt in default if I fail to keep the Goods properly insured at any time before my debt to you is paid in full. If that happens, you may, but are not obligated to, buy insurance to protect the Goods and add the cost to my debt to you, and I promise to pay such additional cost upon your demand.

**FINANCE CHARGE START DATE:** I acknowledge that unless this Contract is not accepted by the Lender, the finance charge shall commence accruing on the date specified above, regardless of when I execute this Contract.

*Rec'd Through U.S. Mail*
*AUG 0 8 2003*
*JOHN DEERE CREDIT*

RTN3015  7/29/2003     Document Number: 60594863     Equipment Type: B     Customer Initials     PAGE 3 OF 4

**NOTICE TO BORROWER(S):** 1. Do not sign this contract before you have read it or if it contains blank spaces. 2. You are entitled to an exact and completely filled in copy of this contract when you sign it. Keep it to protect your legal rights. 3. Under law, you may have the following rights, among others: (a) to pay off in advance the full amount due and to obtain a partial refund of the finance charge, (b) to redeem the property if repossessed for a default within the time provided by law.

**IMPORTANT: BEFORE SIGNING, THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.**

I AGREE THAT THE PROVISIONS ON ALL THE PAGES OF THIS FORM ARE PART OF MY AGREEMENT WITH YOU AND ARE ALSO BINDING ON ME.

**Liability insurance coverage for bodily injury and property damage caused to others not included.**
**CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

I acknowledge receipt of a true copy hereof.

x _Tricia J Wirth_    8/1/03
TRICIA J. WIRTH       (Date Signed)

DATE AGREEMENT SIGNED: 20 Aug 03

Accepted By: Deere & COMPANY (Lender)
6400 NW 86th Street, Johnston, IA 50131-6600

By _____
        (Authorized Signature)

Rec'd Through U.S. Mail
AUG 0 8 2003
JOHN DEERE CREDIT

RTN3015  7/29/2003   Document Number: 60594863   Equipment Type: B   Customer Initials   PAGE 4 OF 4

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
UCC DEPARTMENT    1-888-427-8713

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)
JOHN DEERE CREDIT
6400 NW 86TH STREET
P. O. BOX 6630
JOHNSTON, IA 50131    J122UC

2003156217-4    08/15/03 05:00 PM

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| WIRTH | TRICIA | J | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 23687 165TH AVE | HERSEY | MI | 49639 | USA |

1g. ORGANIZATIONAL ID#, if any: [X] NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE OR ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
DEERE & COMPANY

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6400 NW 86TH STREET | JOHNSTON | IA | 50131 | USA |

4. This FINANCING STATEMENT covers the following collateral:
JOHN DEERE    4300    COMPACT UTILITY TRACTOR    S/N: H232529

AA-03

8. OPTIONAL FILER REFERENCE DATA
SOS    MICHIGAN    JDC79[redacted]C 08/13/2003  08/01/2003

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)