(LOCAL FORM # 1)

# REAFFIRMATION AGREEMENT

| Debtor's name | Case no. |
|---|---|
| Tricia Jean Wirth and Brian Keith Wirth | 05-09190 jdg |

Creditor's Name and Address
Chemical Bank West
2185  3 Mile Road NW
Grand Rapids, Michigan 49544

## PART A -- AGREEMENT

Summary of Terms of the New Agreement:  See attached Exhibit A
Description of Security:   1994 Wildwood Trailer Coach

Principal Amount Due  $4,750.05    (as of 7/21/05)
Interest Rate (APR) 7.25% per annum
Monthly Payments $121.81

Present Market Value: $5,000.00 (or more)

Please attach any additional written agreement to this form.

The parties understand that this agreement is purely voluntary and is not required under the Bankruptcy Code, under non-bankruptcy law, or under any agreement not in accordance with the provisions of 11 USC 524. The debtor may rescind the agreement at any time prior to discharge or within 60 days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the creditor.

Date  8/15/05

_____
Signature of Debtor    Tricia Jean Wirth

Date  8/9/2005

_____
Signature of Debtor   Creditor
Chemical Bank West

Date

_____
Signature of Creditor

## PART B – ATTORNEY'S DECLARATION

This agreement represents a fully informed and voluntary agreement that does not impose an undue hardship on the debtor or any dependent of the debtor.  The debtor has been fully advised about the legal effect and consequences of this agreement and of any default under this agreement.

Dated  8/15/05

X_____
Signature of Debtor's Attorney  David L. Poindexter (P31593)

## PART C – MOTION FOR COURT APPROVAL OF AGREEMENT
### Complete only when the debtor is not represented by an attorney.

I (we), the debtor affirm the following to be true and correct:
1) I was not represented by an attorney in negotiation of this reaffirmation agreement.

2) My current monthly net income is $_____.

3) My current monthly expenses total $_____, including any payment due under this agreement.

4) I believe that this agreement is in my best interest because _____

_____

Add another page if you wish to provide additional information to the court.

Therefore, I ask the court for an order approving this reaffirmation agreement.

X_____
  Date                              Signature of Debtor

X_____
  Date                              Signature of Joint Debtor

## PART D – COURT ORDER

The court grants the debtor's motion and approves the voluntary agreement upon the terms specified above.

_____                _____
         Date                                         Bankruptcy Judge

Date: 8/1/1996

1142657-1

# EXHIBIT A

This is an Exhibit A to the reaffirmation agreement entered into by Chemical Bank West (the "**Creditor**") and Tricia Jean Wirth (the "**Debtor**").

Creditor loaned to Debtor the amount of $6,125 pursuant to a promissory note dated April 23, 2004 (the "**Note**"). To secure payment of the Note, Debtor granted to Creditor a security interest in a 1994 Wildwood Trailer Coach (VIN #1RWTWLDL6R1000103) (the "**Trailer**"). A copy of the Note and the application for Michigan vehicle title are attached.

Debtor has requested to reaffirm the debts evidenced and secured by the Note (the "**Debts**"). Reaffirmation shall be on the following terms and conditions:

1. **Acknowledgment of Debts.** Debtor acknowledges that as of July 21, 2005, Debtor owes to the Creditor the amount of $4,750.05, including both principal and accrued interest. Interest is accruing at the rate of 7.25% per annum. Creditor holds a first priority security interest in the Trailer.

2. **Lien Retention.** Creditor shall retain its valid and perfected lien in the Trailer until the Debts are paid in full.

3. **Reaffirmation.** Debtor reaffirms, pursuant to 11 USC §524(c), all the provisions of the Note. Debtor agrees to pay the Debts and to perform all of the obligations contained in the Note, as if Debtor had not commenced this bankruptcy case. Those obligations include monthly payments of principal and interest ($121.81). Any arrearage owed by Debtor to Creditor shall be cured on or before the date of this reaffirmation agreement, as a condition to this reaffirmation agreement becoming effective.

4. **Non-Acceleration of Debts.** Creditor will not seek possession of the Trailer as a result of the filing of this bankruptcy case. However, Creditor expressly reserves its right to seek its remedies under Michigan law in the event that Debtor defaults in payment of the Debts or performance of the obligations described in the Note.

1146527-1

| BORROWER'S NAME AND ADDRESS | LENDER'S NAME AND ADDRESS | |
|---|---|---|
| [address illegible] 106TH AVE. [city], MI 49630 | CHEMICAL BANK WEST [GRAND RAPIDS] MICHIGAN | Loan Number: 04110609-2<br>Date: APRIL 15<br>Maturity Date: 5.15.09<br>Loan Amount $: 6,125.00<br>Renewal Of: |
| "I" includes each borrower above, jointly and severally. | "You" means the lender, its successors and assigns. | |

**Note:** I promise to pay to you, or your order, at your address above, the principal sum of:
SIX THOUSAND ONE HUNDRED TWENTY FIVE AND 00/100 ****   Dollars $ 6,125.00
plus interest from APRIL 23, 2004 at the rate of 7.25 % per year until APRIL 15, ____. I will pay this amount as follows:
plus additional Finance Charges (if any) which total _____

(a) ☐ on demand.   (b) ☐ on demand, but if none is made, on _____   (c) ☐ on _____ and on the maturity date
If (a), (b) or (c) is marked, I will pay accrued interest _____
(d) ☒ In 60 installments of $ 121.81 each, beginning MAY 15, 2004 and continuing on the same day of each ☐ month
☐ _____ thereafter until paid in full.
(e) ☒ (other) If a payment is 10 days late, you will be charged a late charge equal to $25.00 or 5% of the overdue installment whichever is greater.

☒ If checked, interest will accrue at the rate of 7.25 % per year on the balance of this note not paid at maturity, including maturity by acceleration.

**PAYMENTS:** Each payment when made shall be applied first toward accrued finance charges with the remainder of each payment being applied to reduce the principal balance. The final payment may be more or less than the amount scheduled depending upon my payment record.

**PREPAYMENT:** I may prepay this note in whole or in part at any time. However, any partial prepayment will not reduce or excuse any subsequently scheduled payments until this note is paid in full. Unless indicated in writing or typing on this form to the contrary, there will not be a refund of any additional finance charges listed above upon prepayment in full.

THE PURPOSE OF THIS LOAN IS: PURCHASE RV

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost me | AMOUNT FINANCED<br>The amount of credit provided to me or on my behalf | TOTAL OF PAYMENTS<br>The amount I will have paid when I have made all scheduled payments | I have the right to receive at this time an itemization of the Amount Financed |
|---|---|---|---|---|
| 8.129 % | $ 1,308.60 | $ 6,000.00 | $ 7,308.60 | XX YES - I want an itemization<br>___ NO - I do not want an itemization |

**My Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 60 | $ 121.81 | MONTHLY, BEGINNING MAY 15, 2004. | "e" means an estimate |
| | $ | | $ N/A Filing Fees |
| | $ | | $ N/A Non-filing Insurance |
| | $ | | |

☐ This note has a demand feature.   ☐ This note is payable on demand and all disclosures are based on an assumed maturity of one year.
☐ (brief description of other property)

**Security:** I am giving a security interest in:
☒ the goods or property being purchased.
☐ collateral securing other loans with you may also secure this loan.
☒ my deposit accounts and other rights to the payment of money from you.

**Prepayment:** If I pay off this loan early, I   ☐ may  ☒ will not   have to pay a penalty.
                                                ☐ may  ☒ will not   be entitled to a refund of part of the finance charge.

If a payment is 10 days late, you will be charged a late charge equal to $25.00 or 5% of the overdue installment whichever is greater.
I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**Insurance:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless I sign and agree to pay the additional cost.

| Type | Premium | Term | Signatures (or Initials) |
|---|---|---|---|
| Credit Life | | | I want credit life insurance  X _____ Name of Insured |
| Credit Disability | | | I want credit disability insurance  X _____ Name of Insured |
| Joint Credit Life | | | I want joint credit life insurance  X _____ Name of Insured _____ Name of Insured |

I do not want: _____ Credit Life Ins.; _____ Credit Disability Ins.; N/A Joint Credit Life Ins.

**Property Insurance:** I may obtain property insurance from anyone I want that is acceptable to you. If I get the insurance from or through you I will pay $_____ for _____ of coverage.

**Itemization of Amount Financed**

| | |
|---|---|
| Amount given to me directly | $ _____ (a) |
| Amount paid on my account | $ _____ (b) |
| Amounts paid to others on my behalf: | |
| To Property Insurance Company | $ _____ (c) |
| To Credit Life Insurance Company | $ _____ (d) |
| To Disability Insurance Company | $ _____ (e) |
| To Public Officials | $ _____ (f) |
| LOAN PROC. FEE | $ _____ (g) |
| ROUTLEY RV | $ 6,000.00 (h) |
| Prepaid Finance Charge | $ _____ |
| AMOUNT FINANCED (a through h + i) | $ _____ |
| Finance Charge (include prepaid) | $ _____ |
| Total of Payments (j + k) | $ _____ |

**Security** - To secure the payment of the note total (defined on the reverse side):
(1) I acknowledge and agree that you have the right to set-off this note against any obligation you have (now or hereafter) to pay money to me.
(2) You may collect the proceeds (or rebates of unearned premiums) on any insurance policy insuring me (where you are named as loss payee) and on any policy insuring the property securing this note. You will apply this toward what I owe you.
(5) ☒ Security Agreement - If checked, I give you a security interest in the property described below. The rights I am giving you in this property, and the obligations this agreement secures are defined on the reverse side of this form.

(3) ☐ If checked, this note is not further secured.
(4) ☐ If checked, this note is secured by a separate _____ dated _____
(This property should be described in the Truth-in-Lending disclosure above.)

1994 WILDWOOD 35 FT. TRAVEL TRAILER #1EWTWDL6P1000103

SS# 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   PHONE: (231) 93-1794

☐ If checked, this security agreement (if filed) should be filed in the real estate records.
Legal Description _____

Record Owner (if not me) _____

**Signatures**

Any person who signs within this enclosure does so to give you a security interest in the property described above, but assumes no personal obligation to pay this note.

Name _____
X _____   Date _____
Signature for Lender - where necessary for filing this security agreement.

This property will be used for   ☒ Personal  ☐ Business  ☐ Agricultural
☐ (other) _____ purposes
☐ If checked, this is a purchase money loan. You may include the name of the seller on check or draft for this loan.

I agree to the terms of the note and security agreement above (including those on the other side of this form) and acknowledge receipt of at least one copy on today's date.

Signature _____
☐ If checked, the signature below was required as a condition of credit.

Signature _____
☐ If checked, the signature below was required as a condition of credit.

## ADDITIONAL TERMS OF THE NOTE

The following terms apply to this note whether or not it is secured by the security agreement which begins on the other side of this form (paragraph 5 in the Security section).

**DEFINITIONS** - "I" means each borrower who signs this note. "I" also means each other person and legal entity who by this or separate agreement promises to pay it. This includes guarantors, endorsers and sureties.

The term "note total" means the total sum agreed to be paid on this note. It includes the amount financed and the finance charge. It also includes all additional sums payable including any late payment charges, post-maturity interest, required insurance premiums, costs of collection, attorneys' fees, and costs of repossession, preservation, repairs, taxes and sale of any property securing this note.

**APPLICABLE LAW** - I agree this note will be governed by the law of the state where you are located, especially the Uniform Commercial Code. The terms of any agreement securing the payment of this note may also be governed by the law of the state where the property is located.

Any term of this note (and security agreement) which does not comply with applicable law will not be effective if that law does not expressly or impliedly permit variations by agreement. If any part of this note or security agreement cannot be enforced according to its terms, this fact will not affect the balance of this note and security agreement.

**SET-OFF** - I acknowledge and agree that you may set-off all or any part of the note total against any obligation you may have, now or hereafter to pay money to me. This includes:
(a) any deposit account balance I have with you whether time, savings, checking or NOW account; and
(b) any money owing to me on an item presented to you or in your possession for collection or exchange; and
(c) a repurchase agreement or any other non-deposit obligation.

If my right to receive money from you is also owned by some other person who has not agreed to pay this note (such as another depositor on a joint account) your right of set-off will extend to the amount of money which could be withdrawn or paid directly to me on my request or endorsement alone. In addition, (where I may obtain payment from you only with the endorsement or consent of someone who has not agreed to pay this note) your right of set-off will extend to my interest in the obligation.

Your right of set-off will not apply to an account or other obligation if it clearly appears that my rights in the obligation are solely as a fiduciary for another, or to an account which by its nature and applicable law (for example an IRA or other tax deferred retirement account), must be exempt from the claims of creditors.

Your right of set-off may be exercised upon my default (except when prohibited by law):
(a) without prior demand or notice; and
(b) without regard to the existence or value of any property securing this note; and
(c) without regard to the number or credit-worthiness of any other persons who have agreed to pay this note.

You will not be liable for wrongful dishonor of a check or other request for payment here there is insufficient funds in the account (or other obligation) to pay such request arising as a result of your exercise of this right of set-off. I agree to hold you harmless from claims of any person arising as the result of your exercise of this right.

**DEFAULT** - I will be in default on this note if any one or more of the following occurs:
(a) I fail to make a payment on this note in full when due;
(b) I fail to make a payment in full when due on any other debt I owe you;
(c) I die or am declared incompetent;
(d) I fail generally to pay my debts as they become due;
(e) I fail to keep any other promise contained in this note, any other note, any other written agreement with you, including any security agreement;
(f) any statement of fact made on an application for credit or any other written agreement with you appears to be untrue at the time it was made;
(g) any other creditor attempts, with or without legal process, to gain possession or control of any money or property of mine;
(h) I transfer a significant part of my money or property;
(i) I file for relief from my debts (or an application is filed against me for involuntary relief) under the United States Bankruptcy Code;
(j) in addition to the above, if a legal entity such as a partnership or corporation agrees to pay this note, if that entity merges, dissolves, reorganizes, terminates its business or existence, or if a partner or majority stockholder dies or is declared incompetent; or
(k) if a fact appears or any event occurs which causes you to consider yourself insecure.

If an event of default occurs as to any one of us, you may exercise your remedies against any or all of us.

**REMEDIES** - If I am in default on this note, you may:
(a) accelerate the due date of the note total, making all sums immediately due.
(b) exercise your right of set-off;
(c) demand additional security or parties obligated to pay this note (or both) as a condition of waiving, for any period of time, any other remedy you may have under the law and this agreement;
(d) exercise any remedy you may have under state or federal law for collection of this note;
(e) exercise any additional right given to you under any agreement securing the payment of this note.

By electing any one or more of the remedies above, you do not waive your right to later elect any other remedy until this note is paid in full. If you do not elect any remedy upon an event of default, you do not thereby waive your right to later consider the event as a default if it continues or recurs.

**OTHER SECURITY** - I agree that any present or future agreement securing any other debt I owe you will also secure the payment of this note.

However, an agreement securing any other debt will not secure this note if either of the following applies:
(a) you fail to make a disclosure required by law of the existence of such other security agreement; or
(b) you fail to provide (to any person entitled) any notice of right of rescission required by law for this transaction.

**OBLIGATIONS INDEPENDENT** - I understand that my obligation to pay this note is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone of us, release any security, waive any right you might have against any of us, extend new credit to any of us, renew this note, or all of the above, without affecting my obligation to pay the loan amount.

**WAIVER** - I waive (to the extent permitted by law) certain rights I might otherwise have. These include demand, presentment, protest, notice of dishonor, and notice of protest.

**GUARANTEE** - By signing below I unconditionally guarantee the payment of the note total as defined in the note). I also agree that all the other terms of the note will apply to me.

I waive presentment, demand, protest, notice of protest, notice of dishonor, and diligence in collecting the note, and authorize the grant of any extension or indulgence to the debtor(s), the substitution, exchange or release of any collateral, without notice to myself.

NAME _____

NAME _____

_____ (initial)   I do not claim any interest in the property listed in the security agreement. However, my guarantee of payment of the note total includes any amounts agreed to be paid under the terms of the security agreement.

_____ (initial)   I do claim an interest in the property listed in the security agreement. The terms of the security agreement will also apply to me.

**INSERT FTC NOTICE IF APPLICABLE**

## ADDITIONAL TERMS OF SECURITY AGREEMENT

The following terms will apply to the security agreement which begins on the front side of this form (paragraph 5 of the Security section).

**PROPERTY** - When used in this agreement, the term property means and includes:
(a) all of my property specifically listed and, if a general description is used (whether or not any specific property is listed), all of my property fitting the general description; and
(b) all benefits which arise from the described property, including cash or non-cash proceeds, insurance benefits, interest, dividends, stock splits and voting rights; and
(c) any property which is now or hereafter becomes attached to or a part of, or results from the described property.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - By giving you this security interest, I represent and agree:
(a) I own all of the property, free of any claim by any other person, and I will defend it against any other claim.
(b) The security interest I am giving you in this property has first priority over the claim of any other of my general or secured creditors. I have signed or will adequately will sign any additional documents or provide you with any additional information you may require to perfect and preserve your first priority at this property. I will not hereafter do anything to defeat your position.
(c) I will keep the property in my possession (except for pledged property delivered to you), in good condition and repair and use it only for the lawful purposes for which it was intended. Unless otherwise agreed in writing, the property will be located at the address listed on the front side of this form.
(d) I will not attempt to sell the property (unless it is inventory and identified as such) or otherwise transfer any rights in this property to anyone else. I will not permit the property to become attached to any real estate without first providing you an opportunity to preserve your first priority status.
(e) I will pay all taxes and assessments on the property as they become due.
(f) I will provide you reasonable access to the property for the purpose of inspection and notify you of any loss or damage.

**INSURANCE** - I agree to purchase insurance on the property against such risks and in such amounts as you may reasonably require. In addition, I agree as follows:
(a) I will arrange for you to be named as loss payee on any such policy so that my benefits arising from the insured risks will first be paid to you for application toward the secured obligations.
(b) I agree that you may, in the event of a loss, require additional security or assurances of payment of the secured obligations as a condition of permitting any insurance benefits to be used for repair or replacement of the property.
(c) I agree to purchase insurance from a company which is authorized to do business in this state and which is reasonably acceptable to you.
(d) I will maintain this insurance until all the secured obligations are paid in full.
(e) If I fail to obtain or maintain this insurance, or I fail to arrange for you to be named as loss payee, you may (but in no event are required to) purchase such insurance which will secure only your interest in the property. I agree to pay the cost of such insurance upon demand, plus interest from the date purchased at the highest contract rate permitted by law until paid in full.

**SECURED OBLIGATIONS** - This security interest will secure the payment of the note total (as defined in the note). It will also secure (except as provided in the next paragraph) any other debt I owe you now or hereafter. This security interest will survive even if there are no debts owed to you until this security interest is formally discharged in writing.

However, this security interest will not secure some other debt if a disclosure must be made with respect to such debt of the existence of this security interest and such disclosure is not given as required by law. This security interest also will not secure any other debt if any person is entitled to a notice of the right to rescind such debt unless the notice is given as provided by law.

The previous two paragraphs define what is meant by the term "secured obligations" in this agreement.

**DEFAULT** - My failure to meet or perform any term or condition of the note, of this security agreement, or of the secured obligations shall constitute a default under this security agreement.

**REMEDIES** - If I am in default on any of the secured obligations, you have all the remedies provided under this security agreement and by law. These remedies are in addition to any provided in the note or other obligation, and include (among others):
(a) If my default consists of failure to pay taxes, assessments or other liens, you may pay these yourself. You are not required to, however. If you do, the amount you pay will be added to the secured obligations, will be immediately due, and will accrue interest at the highest contract rate permitted by law until paid in full. (This is in addition to any other remedy you may elect.)
(b) You may require me to assemble the property and make it available to you at a place you designate which is reasonably convenient to both you and me.
(c) You may take immediate possession of the property, with or without legal process, sell it, and apply the proceeds as provided by law to your expenses and then toward the secured obligations. Expenses include your costs of repossession, attorneys' fees (where permitted), repairs (if necessary) and costs of sale.
(d) You will be entitled to a deficiency judgment if the proceeds of sale do not pay all the secured obligations (except where prohibited by law).
(e) You may also be entitled to keep the property in satisfaction of the secured obligations in certain circumstances.

I also agree that if any notice is required to be given to me of your intended sale or disposition of the property, notice will be considered commercially reasonable if provided by first class mail addressed to me at the address listed on the front side of this form mailed 10 days before the date of intended disposition.

**PLEDGES** - Property which is described on the other side of this form as "pledged" is property which I am delivering to your possession to secure the payment of the secured obligations. You have the right to retain possession of this property until the secured obligations are paid in full. All other terms of this note and security agreement also apply to this property.

In particular (without intending to limit these provisions only to pledged property):
(a) You must use reasonable care in the custody and preservation of this property, however, you are not required to preserve any rights I may have against any prior parties to this property.
(b) I agree to pay any additional costs you incur for the custody, preservation and enforcement of any rights in this property.
(c) You may hold any increase or profits from this property as additional security, though money must be applied toward payment of the secured obligations.
(d) You may arrange for yourself or your nominee to be shown as owner of the property, inform any prior party to make any payments on the property directly to you, and repledge the property upon terms which do not affect my right to redeem it.
(e) The risk of accidental loss or damage is on me to the extent of any deficiency in effective insurance coverage.
(f) You are not responsible for any decline in value of the property while it remains in your possession.

**FILING** - A carbon, photographic or other reproduction of this security agreement may be used as a financing statement where permitted by law.

**Chemical Bank**

Money Order # _____

Checking a/c # _____

Representing proceeds of loan made this date

Signature _____

# Application for Michigan Vehicle Title

335S0100081

| TRANSACTION TYPE | PLATE | PLATE EXPIRATION DATE | REG. FEE |
|---|---|---|---|
| CORRECTION TITLE ONLY | | | 0.00 |

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | TITLE FEE |
|---|---|---|---|---|
| 1994 | WILDWOOD | | 1RWTWLDL6R1000103 | 15.00 |

| BODY STYLE | FEE CAT/WEIGHT | ODOMETER | OWNER'S DRIVER LICENSE NUMBER | FULL RIGHTS TO SURVIVOR | TAX |
|---|---|---|---|---|---|
| TR COACH | 005825 | | W 630 802 385 559 | N | 0.00 |

REG. TRANSFER 0.00

**OWNER'S NAME(S) AND ADDRESS**
TRICIA JEAN WIRTH
23687 165TH AVE
HERSEY    MI    49639

Co. Cd.

TOTAL 15.00

| FIRST SECURED PARTY | FILING DATE | SECOND SECURED PARTY | FILING DATE |
|---|---|---|---|
| CHEMICAL BANK WEST<br>125 N MICHIGAN AVE<br>BIG RAPIDS    MI    49639 | 01/10/2005 | NONE | |

**APPLICANT IDENTIFICATION**

☐ Owner  ☐ Others   Name:
I.D. presented:
Reason for Duplicate Title:  ☐ Lost  ☐ Stolen  ☐ Mutilated

**LEGAL PAPERS**

| TYPE OF DOCUMENT | COUNTY | STATE |
|---|---|---|
| COURT | FILE OR DOCKET | DATE EXAMINED |
| BRANCH OFFICE | EXAMINER (Print) | |

**CLAIM FOR TAX EXEMPTION**
REASON: ADD LIEN

I certify the tax exemption shown above is valid. Initial box:

I certify I own this vehicle and all information on this application is correct to the best of my knowledge.

**USE TAX RETURN**
1. Purchase price or retail value, whichever is greater.  0.00
2. 6% Tax  0.00
3. Credit for tax paid to a reciprocal state (proof attached)  0.00
4. Tax Being Paid  0.00

PURCHASE DATE:
SELLER'S NAME AND ADDRESS:

New Owner's/Applicants' Signature
X
X

Contact a Secretary of State Branch office if you do not receive your new title within 60 days

This form or your title must be presented to purchase or transfer plates.

Final determination of the correct tax liability will be made by the Michigan Department of Treasury. You may be required to document your tax return or prove you are entitled to the exemption claimed. If you cannot support your claim, minimum penalties include the added tax, a negligence penalty, plus interest from the date of filing this application. Additional penalties can be imposed including criminal prosecution or assessing up to 175% of the tax due.

EXEMPTION - TRANSFERS BETWEEN RELATIVES: An exemption from use tax is allowed when the new owner is the spouse, father, mother, brother, sister, child, stepparent, stepchild, stepbrother, stepsister, half brother, half sister, grandparent, grandchild, legal ward or legally-appointed guardian of the previous owner. Documentation proving the relationship may be requested by the Michigan Department of Treasury.

VALIDATION:
01102005 MN S010 335 0081       15.00       335S0100081

AMOUNT RECEIVED | CHANGE

Terri Lynn Land, Secretary of State